[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO STRIKE
In this action, filed on May 22, 1998 plaintiff, Travelers Property Casualty Insurance Company, seeks to recover advances paid out under a homeowners' insurance policy to the defendant, Robert Troyer, as a result of a fire that occurred on the defendant's covered property, after an investigation by the plaintiff revealed that the defendant was responsible for causing the fire and had misrepresented facts relating to his claim. On December 15, 1999, the plaintiff filed a motion to strike the third and fourth counts of the defendant's second amended counterclaim, which counts alleged violations of CUIPA and CUTPA, respectively. The plaintiff argued that count three was insufficient on the ground that CUIPA does not provide for a private cause of action and further argued that count four was insufficient on the ground that, since the facts alleged are insufficient to support a "general business practice" in violation of CUIPA, the count fails to set forth a legally sufficient CUTPA claim.
After a series of prior motions to strike and counterclaim amendments, the defendant filed a third amended counterclaim on CT Page 3146 December 22, 1999, alleging in his first count plaintiffs failure to pay his fire loss; in his second count a violation of good faith dealing and in his third count, violation of CUTPA based on a violation of CUIPA.
On January 7, 2000, the plaintiff filed this motion to strike addressed to the third count of the third amended counterclaim claiming that count does not sufficiently state a claim for CUIPA or CUTPA relief
In Paragraph 7 of the third count, plaintiff alleges:
"7. The counterclaim defendant has committed, with such frequency as to indicate a general business practice, the denial of claims involving fire losses of unknown origin, without any reasonable belief that the policyholder was responsible for said loss."
In Mead v. Burns, 199 Conn. 651 (1986) our Supreme Court held that a litigant must allege a "general business practice" in order that an unfair claim settlement practice under CUIPA would permit a CUTPA cause of action.
The plaintiff argues that conclusory allegations of unspecified "other claims" are insufficient to support a claim of such frequency indicative of a "general business practice" in violation of CUIPA, especially where, as here, the gravamen of the counterclaim is that the insurer unfairly failed to settle the insured's claim alone.
A number of superior court decisions have held that allegations similar to the defendant's allegations of a "general business practice are conclusory where no attempt has been made to plead a factual basis establishing any other specific instances demonstrating frequency indicative of a general business practice. See Currie v. Aetna Casualty Surety Co., Superior Court, judicial district of Hartford at Hartford, Docket No. 558900 (August 12, 1999, Mulcahy, J.) (motion to strike granted on ground allegation that acts committed as to plaintiffs are committed "as to other insureds . . . with such frequency as to constitute a general business practice" is entirely conclusory without any alleged factual basis); Carol v. Allstate Ins. Co., Superior Court, judicial district of Stamford, Docket No. 164867 (June 15, 1999, Karazin, J.) (motion to strike granted on ground allegation that upon information and belief defendant maintained general business practice of denying its insureds' fire damage CT Page 3147 claim is conclusory); Jones v. Safeco Ins. Co., Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 357614 (April 28, 1999, Melville, J.) (motion to strike granted on ground gravamen of complaint was that defendant unfairly failed to settle plaintiffs claim alone; allegation using the "magic words" of CUIPA that such conduct is a "general business practice" is mere conclusion); Saint Francis Hospital Medical Center v. DeCaro, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 705814 (December 9, 1996, Wagner, J.) (motion to strike granted on ground allegations of misconduct as to handling of plaintiffs claim does not rise to level of general business practice).
Since defendant's allegations do not present a sufficient factual basis to establish a general business practice, plaintiffs motion to strike the third count of the defendant's counterclaim, alleging a CUTPA violation based upon a violation of CUIPA, is granted.
Jerry Wagner, Judge Trial Referee.